IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 23-00126-CV-W-BP |
| | ) |
| KEITH POLSTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION TO REMAND**

Plaintiff has filed a Motion to Remand, arguing federal jurisdiction is lacking. The motion, (Doc. 8), is **DENIED**.

**I. BACKGROUND**

This case is similar to six others: those cases involve different plaintiffs and different defendants, but the same attorneys represent all the plaintiffs, the same attorneys represent all the defendants, and the claims and issues are similar. The Court previously denied the motions to remand in those cases, so the Court's discussion here will be similar (and in many respects, identical).

Plaintiff applied for disability benefits from the Social Security Administration, ("SSA"). SSA contracts with Disability Determination Services ("DDS") to assist in ascertaining whether an applicant is medically eligible to receive benefits. DDS is an entity created by state law and acts under the authority of the Missouri Department of Elementary and Secondary Education ("DESE"). In fulfilling its duties, DDS may direct an applicant to undergo a consultative examination ("CE") performed by an independent doctor.

DDS directed Plaintiff to undergo an examination performed by Midwest CES. Defendant, an independent contractor for Midwest CES, is the doctor who examined Plaintiff. Plaintiff generally allege Defendant conducted an improper or incomplete examination and made false

statements regarding his personal observations and the extent, nature, and results of his examinations. These failings allegedly delayed Plaintiff's receipt of benefits, and he has asserted the following claims against Defendant:

| | |
|---|---|
| Count I | Tortious interference with business expectancy; |
| Count II | Violation of the Missouri Merchandising Practices Act; |
| Count III | Fraud; |
| Count IV | Negligent misrepresentation; |
| Count V | Negligence and negligence per se; |
| Count VI | Defamation; |
| Count VII | Civil conspiracy; and |
| Count VIII | Battery by fraud. |

Defendant removed the case, asserting jurisdiction based on the federal officer removal statute, 28 U.S.C. § 1442, the general federal question statute, 28 U.S.C. § 1331, and diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff argues jurisdiction is lacking under all three statutes. In addressing these issues for the other six cases, the Court focused on the officer removal statute; the Court will do the same here.

## II. DISCUSSION

The officer removal statute allows removal of a case filed against an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C.A. § 1442(a)(1). "When the removing party is not itself a federal officer or agency," the defendant must make a threshold showing that "(1) it acted under the direction of a federal officer, (2) there is a causal connection between [its] actions and the official authority, (3) [it] has a colorable federal defense to the plaintiffs' claims, and (4) [it] is a 'person,' within the meaning of the statute." *Buljic v.*

2

*Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021). The fourth requirement is not at issue, but the other three are.

### A. "Acted Under"

"While not limitless, the words 'acting under' are broad, and the Supreme Court has made clear that the statute must be liberally construed." *Jacks v. Meridian Resource Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012) (cleaned up). That liberal construction is informed by the purpose to be served by the statute, which is "to avert various forms of state court prejudice against federal officers or those private persons acting as an assistant to a federal official in helping that official carry out federal law." *Id*. at 1231; *see also Watson v. Phillip Morris Co.*, 551 U.S. 142, 150, 153-54 (2007).

"To satisfy the 'acted under' requirement of § 1442(a)(1), a private person's actions must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Graves v. 3M Co.*, 17 F.4th 764, 769 (8th Cir. 2021). The standard cannot be satisfied by merely establishing the private person is required to abide by extensive regulations or satisfy legal requirements; the private actor must be performing a duty that fulfills a federal task, typically by performing a function that would otherwise have to be performed by federal employees. *E.g.*, *Watson*, 551 U.S. at 151-54; *Buljic*, 22 F.4th at 738; *Graves*, 17 F.4th at 769.

The standard is satisfied in this case. Plaintiff has alleged the relationship between SSA, DESE, Midwest CES, and Defendant, and in so doing demonstrates Defendant performed the medical examinations required by SSA to determine if Plaintiff qualified for benefits. SSA regulations confirm, and provide further depth to, Plaintiff's allegations. If a claimant's medical sources cannot or will not provide sufficient medical evidence, or if sufficient medical evidence is otherwise lacking, SSA arranges for a CE to determine the claimant's eligibility for benefits. 20 C.F.R. §§ 404.1517, 404.1519i. Regulations govern who may conduct a CE, *id*. § 404.1519g, and

3

what is required during a CE. *Id*. § 404.1519n; *see also* § 404.1519m. And, if the report from the CE does not address the issues or is otherwise inadequate, SSA must arrange for another one. *Id*. § 404.1519p. Finally, SSA regulations provide that "[d]ay-to-day responsibility for the consultative examination process rests with the State agencies that make disability determinations for" SSA, *id*. § 404.1519s, such as DESE, and SSA monitors the process to ensure the State agencies comply with SSA regulations. *Id.* §§ 404.1519, 404.1603. Importantly, if the State agency fails to (or is unwilling to) conduct disability determinations or arrange for CEs, responsibility for doing so reverts to SSA. *Id.* § 404.1603.

Plaintiff's arguments regarding (1) the degree of SSA's direct supervision of Defendant and (2) the lack of a contract between Defendant and SSA simply play no part in this analysis. DESE and DDS are acting at the direction of, and performing duties that must be performed by, SSA. Fulfilling those duties requires them to, in turn, retain the services of doctors in the manner required by SSA regulations, and those doctors must perform examinations, again in a manner specified by the regulations. And, while not specifically a part of the analysis, the Court observes the purposes of the officer removal statute are served by permitting removal: suing the doctors performing the CE has as much potential to interfere with the federal government's operations and demonstrate hostility to the federal government's actions as would a suit against the entities directly contracting with SSA, or a suit against SSA itself. For these reasons, the Court concludes Defendant was acting under the direction of SSA.

### B. "Causal Connection"

"[T]he causal connection element is closely related to the 'acting under' element when the party seeking removal is not itself a federal officer." *Graves*, 17 F.4th at 769. The element is satisfied if Defendants demonstrate their relationship to Plaintiffs is "derived solely from their

4

official duties." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969); *see also Graves*, 17 F.4th at 769. There is no serious doubt Defendant examined Plaintiff only because he was conducting a CE for SSA, so this element is satisfied. Plaintiff argues this element is not satisfied because Defendant completed fraudulent reports—but this argument ignores the fact that the reports were produced only because Defendant was fulfilling SSA's obligations to conduct CEs. *See Willingham*, 395 U.S. at 409. The second requirement has therefore been satisfied.

### C. Colorable Federal Defense

Relying on the Supreme Court's decision in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), Defendant asserts a defense based on his status as a subcontractor for an entity performing work for the federal government. *Yearsley* provides a defense to those contracting with the federal government if the contractor acted pursuant to validly conferred authorization and did not exceed that authority. 309 U.S. at 20-21; *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166-67 (2016); *Cunningham v. General Dynamics Info. Tech., Inc.*, 888 F.3d 640, 646-47 (4th Cir. 2018); *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 196 (2d Cir. 2008). Plaintiff presents three reasons this element is not satisfied, but the Court is not persuaded.

First, Plaintiff presents a series of arguments intended to demonstrate Defendant cannot prove his defense. But "[f]or a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). "[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. We therefore do not require the officer virtually to win his case before he can have it removed." *Jefferson Cnty., AL v. Acker*, 527 U.S. 423, 431 (1999) (cleaned up).

Next, Plaintiff suggests the defense is not colorable because Defendant was a subcontractor. Plaintiff does not cite any authority demonstrating this distinction matters, and

5

there is reason to think it does not. *See*, *e.g.*, *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 205-06 (5th Cir. 2009). Even if Defendant is arguing for an extension of *Yearsley*, that extension itself is colorable, and its merits should be adjudicated by a federal court.

Finally, Plaintiff takes issue with Defendant's characterization (contained in the Notices of Removal) that Plaintiff's claims require application of SSA's regulations. This argument misses the point: the question is not whether Plaintiff's claims require consideration of SSA's regulations; the question is whether Defendant's actions satisfied the requirements in SSA's regulations because, to the extent they did, that might provide a defense to at least some of Plaintiff's claims (particularly those related to Defendant's qualifications and the nature and extent of his examination of Plaintiff).

The Court reiterates that it is not holding Defendant is entitled to assert a federal defense or that they would be successful in proving one. The Court only holds that the defense is colorable (which justifies having the issue resolved in federal court).

### III. CONCLUSION

For these reasons, the Motions to Remand are **DENIED**.

**IT IS SO ORDERED.**

DATE: March 27, 2023

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT